**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02683-BNB

ALICE L. AKER,

    Plaintiff,

v.

YUMA COUNTY SHERIFFS DEPARTMENT,
YUMA CITY POLICE DEPARTMENT,
FIVE UNKNOWN CITY OF YUMA POLICE OFFICERS,
TWO UNKNOWN YUMA COUNTY SHERIFFS, and
THE STATE OF COLORADO,

    Defendants.

ORDER DENYING MOTIONS

    This matter is before the Court on the motion for appointment of counsel (ECF No. 14), motion for order to produce and allow access to documents (ECF No. 15), and motion for request of documents filed on October 29, 2011 (ECF No. 16), each of which Plaintiff, Alice A. Aker, filed *pro se* on February 12, 2014. For the reasons stated below, the motions will be **DENIED** as premature.

    As a civil litigant, Plaintiff has no Sixth Amendment right to counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Pursuant to 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." Appointment of counsel is left to the discretion of the district court. *Johnson*, 466 F.3d at 1217; *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). "In determining whether to appoint counsel, the . . . court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his or her claims, and the complexity

of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991). None of these factors weighs in favor of appointing counsel to represent Ms. Aker.

Counsel is rarely appointed in civil cases. "The burden is on the [plaintiff] to convince the court that there is sufficient merit to his [or her] claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.2004) (quotation and citation omitted). It is not enough "that having counsel appointed would have assisted [the plaintiff] in presenting his [or her] strongest possible case, [as] the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In evaluating plaintiff's request for appointed counsel, the Court should consider "the merits of the [plaintiff's] claims, the nature and complexity of the factual and legal issues, and the [plaintiff's] ability to investigate the facts and present his [or her] claims." *Id.*

Ms. Aker has failed to provide any facts or argument in favor of the appointment of counsel to represent her. *See* ECF No. 14 at 1. My review of the record reveals that Ms. Aker has a firm grasp of the fundamental issues in her case and appears to be capable of presenting her case intelligently and coherently. The issues are not particularly complex. Ms. Aker alleges that she was subjected to excessive force on October 29, 2011, by five unknown City of Yuma police officers while she was under restraint outside the City of Yuma Police Department in Yuma, Colorado. On October 10, 2013, she was ordered to file an amended complaint to give her the opportunity to assert a statutory basis for this Court's jurisdiction, sue the proper parties, articulate in more detail and more clearly such facts as what acts of assault allegedly subjected her to excessive force, state whether she suffered any injuries requiring medical care,

elaborate upon whether she received medical treatment for any injuries she may have suffered, allege the personal participation of each named Defendant in the alleged excessive force, and include sufficient information about each Defendant so that he or she could be identified for purposes of service if Plaintiff did not know the real names of the individuals who allegedly violated her rights.  At this point in time, Ms. Akers does not require more documents to be able to state her claims clearly and concisely.  She simply needs to file within the time allowed an amended complaint that states her claims and supporting factual allegations clearly and concisely for the Court.

Accordingly, it is

ORDERED that the motion for appointment of counsel (ECF No. 14) filed on February 12, 2014, is denied as premature.  It is

FURTHER ORDERED that Plaintiff **within thirty (30) days from the date of this order** shall file an amended Complaint that complies with this order and the order of October 10, 2013 (ECF No. 6).  It is

FURTHER ORDERED that the amended Complaint shall be titled "Amended Complaint," and filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Ms. Aker shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended Complaint.  It is

FURTHER ORDERED that if Ms. Aker fails to file an amended Complaint that complies with this order within the time allowed, some claims against some Defendants, or the entire complaint and action, may be dismissed without further notice.  It is

4

FURTHER ORDERED that the motions for order to produce and allow access to documents (ECF No. 15) and for request of documents filed on October 29, 2011 (ECF No. 16), both of which were filed on February 12, 2014, are denied as premature. It is

FURTHER ORDERED that no further extensions of time to file an amended Complaint will be granted except in exceptional circumstances.

DATED February 18, 2014, at Denver, Colorado.

                                BY THE COURT:

                                s/ Boyd N. Boland
                                United States Magistrate Judge