IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02683–KMT

AKER ALICE,

    Plaintiff,

v.

JON LYNCH,
STEVE GALLAGHER, and
FIVE UNKNOWN YUMA COUNTY SHERIFFS,

    Defendants.

## ORDER

This matter is before the court on "Defendant Steve Gallagher's Motion to Stay" (Doc. No. 32, filed August 8, 2014). Defendant John Lynch joined in the Motion to Stay on August 13, 2014. (Doc. No. 33.)

In her Amended Complaint, Plaintiff alleges claims pursuant to 42 U.S.C. § 1983. (*See* (Doc. No. 18, filed March 4, 2014.) On August 8, 2014, Defendant Lynch filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and for summary judgment. (Doc. No. 30.) On August 8, 2014, Defendant Gallagher also filed a motion to dismiss pursuant to Rule 12(b)(6) arguing, *inter alia,* that he is entitled to qualified immunity from Plaintiff's claims. (Doc. No. 31.) The defendants now move for a stay of discovery in this action until it is determined, by

way of a ruling on their motions to dismiss, whether Defendant Gallagher is entitled to qualified immunity.

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id*. at 685.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Fed. R. Civ. P. 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"). When considering a stay of discovery, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. 1987)).

Plaintiff opposes the Motion to Stay. (*See* Doc. No. 32 at 1.) Though the court acknowledges that Plaintiff has an interest in proceeding expeditiously with this case, the court

finds that this interest is overcome by the burden Defendants might face if they were forced to proceed with discovery in spite of well-established precedent supporting a stay when an immunity defense has been raised. Further, although qualified immunity is a potential defense only as to Plaintiff's individual-capacity claims under § 1983, *see Rome v. Romero,* 225 F.R.D. 640, 643-644 (D. Colo. 2004), the Supreme Court has recognized:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal,* 556 U.S. at 685. As such, proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative. Additionally, discovery should be stayed in the case as a whole even when some of the defendants are asserting qualified immunity.

The third *String Cheese* factor also favors a stay. Although the court has an interest in managing its docket by seeing cases proceed expeditiously, any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial and party resources that would result from allowing discovery to proceed, only to have the case dismissed in its entirety on the grounds raised in the motions to dismiss. *See Nankivil*, 216 F.R.D. at 692 (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties nor the public interest in general prompt the court to reach a different result. Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

**ORDERED** that the "Defendant Steve Gallagher's Motion to Stay" (Doc. No. 32) is **GRANTED**. All discovery in this matter is hereby **STAYED**. The parties shall file a Joint Status Report within ten days of a ruling on the motions to dismiss, if any portion of the case remains pending, to advise if a Scheduling Conference should be set.

Dated this 21st day of August, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge