IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02683–KMT

AKER ALICE,

        Plaintiff,

v.

JON LYNCH,
STEVE GALLAGHER, and
FIVE UNKNOWN YUMA COUNTY SHERIFFS,

        Defendants.

---

# ORDER

---

        This case involves claims that Defendants violated Plaintiff's constitutional rights and

Colorado state rights.  This matter is before the court on "Defendant Lynch's Combined Motion

to Dismiss and Motion for Summary Judgment" (Doc. No. 30 [Lynch's Mot.], filed August 8,

2014) and "Defendant Steve Gallagher's Motion to Dismiss" (Doc. No. 31 [Gallagher's Mot.],

filed August 8, 2014).  Plaintiff filed her combined response on September 26, 2014.[1]  (Doc. No.

41 [Resp.].)  Defendant Lynch filed his reply on October 10, 2014 (Doc. No. 50 [Lynch's

---

[1] Plaintiff filed a motion for extension of time to file a response to the motions to dismiss, which
this court denied without prejudice for Plaintiff's failure to comply with D.C.COLO.LCivR
7.1(a).  (*See* Doc. Nos. 39, 40.)  Plaintiff then filed a "Motion to Deny" the defendants' motions
to dismiss, which this court will construe as a response to the motions to dismiss, even though it
was filed well after the deadline for filing responses to the motions to dismiss.  (*See* Doc. Nos.
41, 46.)

Reply]), and Defendant Gallagher filed his reply on October 6, 2014 (Doc. No. 49 [Gallagher's Reply]).  These motions are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff alleges on October 29, 2011, Defendants "violated [her] civil rights [b]y using excessive force" by handcuffing her behind her back, throwing her to the ground, and belly flopping and dog piling onto her.  (Doc. No. 18 [Am. Compl.] at 2, 4-5.)  Plaintiff alleges she was not struggling and was not armed.  (*Id.*, ¶ 8.)  Plaintiff alleges the defendants placed her into a holding cell and did not check her for injuries or offer medical attention.  (*Id.*, ¶¶ 9-10.) Plaintiff alleges Defendant Gallagher used excessive force when he placed Plaintiff into arm and leg restraints for transport to an unnamed location.  (*Id.*, ¶ 12.)  Plaintiff alleges the restraints were too tight, but the defendants ignored her requests to loosen them.  (*Id.*, ¶ 13.)  Plaintiff alleges the defendants' use of excessive force resulted in a back injury and other illnesses.  (*Id.*, ¶ 15.)

Plaintiff asserts two claims for relief.  In her First Claim for Relief, she alleges the defendants used excessive force in violation of her Fourth and Fourteenth Amendment rights and they conspired against her in violation of 18 U.S.C. § 241.  (*See id.* at 7-8.)  In her Second Claim for Relief, she alleges the defendants committed battery against her in violation of Colorado law. (*See id.* at 10-11.)

Defendant Lynch moves to dismiss Plaintiff's claims against him on the bases that (1) her claims are barred by the statute of limitations; (2) Plaintiff has failed to sufficiently allege a violation of her rights; (3) he is entitled to qualified immunity; and (4) Plaintiff's battery claim must be dismissed for her failure to comply with the Colorado Governmental Immunity Act

("CGIA").  (*See* Lynch's Mot. at 6-15.)  Defendant Lynch also moves for summary judgment on the basis that Plaintiff's claims are barred by the statute of limitations.  (*Id.* at 16.)

Defendant Gallagher moves to dismiss the claims against him on the bases that (1) her claims are barred by the statute of limitations; and (2) he is entitled to qualified immunity.  (*See* Gallagher's Mot.)

**STANDARD OF REVIEW**

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**2.**      ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### *1.     Statute of Limitations on Claims Asserted Under 42 U.S.C. § 1983*

Defendants argue that the constitutional claims against them are barred by the statute of limitations. Specifically, Defendants argue that Plaintiff amended her complaint to replace some of the John Does with Defendants Lynch and Gallagher, and that the amended complaint, which was filed after the expiration of the statute of limitations, does not relate back under Federal Rule of Civil Procedure 15(c) to the date of Plaintiff's original complaint.

"[L]imitations periods in § 1983 claims are to be determined by reference to the appropriate state statute of limitations." *Hardin v. Straub,* 490 U.S. 536, 539 (1989); *Baker v. Bd. of Regents,* 991 F.2d 628, 632-33 (10th Cir. 1993) ("The length of a statute of limitations period and related questions of tolling and application are governed by state law, unless the

tolling rules are inconsistent with federal law or [policy].").  In Colorado, actions brought under § 1983 are governed by the two-year statute of limitations codified at Colo. Rev. Stat. § 13-80-102(g).  *Riel v. Reed,* 760 F. Supp. 852, 854-55 (D. Colo. 1991) (citations omitted); Colo. Rev. Stat. § 13-80-102(g) ("The following civil actions . . . shall be commenced within two years after the cause of action accrues, and not thereafter: . . . all actions upon liability created by a federal statute where no period of limitations is provided in said federal statute.")

While state law governs the limitations period applicable to § 1983 claims, federal law specifies when a § 1983 claim accrues.  *Newcomb v. Ingle,* 827 F.2d 675, 678 (10th Cir. 1987) (citations omitted); *Baker,* 991 F2d 628, 632 (10th Cir. 1993).  "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.' "  *Smith v. City of Enid,* 149 F.3d 1151, 1154 (10th Cir. 1998).  The plaintiff "need not know the full extent of [her] injuries before the statute of limitations begins to run."  *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (citations omitted).  Additionally, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue."  *Baker*, 991 F.2d at 632.

Here, Plaintiff alleges the incident giving rise to Plaintiff's claims against the defendants occurred on October 29, 2011.  (Am. Comp. at 2.)  Because the defendants' alleged conduct and Plaintiff's alleged injury occurred on October 29, 2011, Plaintiff knew or should have known on that day that her constitutional rights were violated.  However, Plaintiff did file her Amended Complaint until March 24, 2014, well after the statute of limitations expired.  (*See* Am. Compl.) As such, Plaintiff's claims against Defendants Lynch and Gallagher are time-barred unless

Plaintiff's amendments to add Defendants Lynch and Gallagher relate back to the filing of her original complaint.

> An amendment relates back to the filing of the original complaint when, *inter alia,*
>
> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Here, even assuming Plaintiff could satisfy the other requirements for relation back, Plaintiff's proposed amendments fail under Rule 15(c)(1)(C)(ii).  The Tenth Circuit has plainly held that the substitution of named defendants for previously unknown John Doe defendants does not relate back under Rule 15(c) because a lack of knowledge of the intended defendant's identity is not "a mistake concerning the identity of the proper party." *Garrett v. Fleming,* 362 F.3d 692, 696-97 (10th Cir. 2004) ("A plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)[] was meant to address.").

Accordingly, because Plaintiff's amendments to substitute Defendants Lynch and Gallagher were filed after the expiration of the statute of limitations and because these amendments do not relate back to the filing of Plaintiff's original Complaint under Rule 15(c),

the court finds that Plaintiff's claims against Defendants Lynch and Gallagher are time-barred.

Therefore, Defendants' motions to dismiss the constitutional claims against them are granted.

### 2.    Claims Against Remaining John Doe Defendants

Plaintiff also asserts constitutional claims against "Five unknown Yuma county sheriffs."

(*See* Am. Compl. at 1.)  The court notes that Plaintiff has failed to identify the "unknown Yuma

county sheriffs" and has failed to move to amend to identify these unknown defendants.

Nevertheless, Plaintiff's § 1983 claims against these unknown defendants also are governed by

the two-year statute of limitations contained in Colo. Rev. Stat. § 13-80-102.  The statute of

limitations has run with respect to the unknown defendants.  Therefore, the § 1983 claims against

the "Five unknown Yuma county sheriffs" are dismissed *sua sponte*.  *See Fogle v. Pierson*, 435

F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed *sua sponte* under 28 U.S.C. §

1915 based on an affirmative defense-such as statute of limitations-'only when the defense is

obvious from the face of the complaint and no further factual record is required to be

developed.").  *See also Garrett*, 362 F.3d at 692 (prisoner substitution of named defendants for

the original unknown "John Doe" defendants amounted to adding a new party.  Complaint

dismissed as barred by applicable statute of limitations. Rule 15(c)'s "relation back" provision

because a plaintiff's lack of knowledge of the intended defendant's identity is not a "mistake

concerning the identity of the proper party" within the meaning of Rule 15(c)(3)(B).").

### 3.    State Law Battery Claim

The remaining claim is Plaintiff's state law battery claim against the defendants.  (Am.

Compl. at 10-11.)  When all federal claims have been dismissed prior to trial, the court generally

should decline to exercise supplemental jurisdiction over pendant state claims.  *United States v.*

*Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002).  The court finds it appropriate to do so here, and thus will dismiss Plaintiff's state law claim without prejudice.

     **WHEREFORE**, for the foregoing reasons, it is

     **ORDERED** that

     1.    "Defendant Lynch's Combined Motion to Dismiss and Motion for Summary Judgment" (Doc. No. 30) is **GRANTED in part**.  Plaintiff's First Claim for Relief against Defendant Lynch is dismissed with prejudice;

     2.    "Defendant Steve Gallagher's Motion to Dismiss" (Doc. No. 31) is **GRANTED in part**.  Plaintiff's First Claim for Relief against Defendant Gallagher is dismissed with prejudice;

     3.    Plaintiff's First Claim for Relief against the Five Unknown Yuma County Sheriffs is dismissed, *sua sponte*, with prejudice;

     4.    Plaintiff's Second Claim for Relief for battery under Colorado law is dismissed without prejudice;

     5.    Judgment shall enter in favor of the defendants and against the plaintiff as to the First Claim for Relief; and

     6.    This case is closed.

     Dated this 22nd day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge